**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dave Mazion Hill, Jr., ) | |
| Plaintiff, ) | No. CIV 21-370-TUC-CKJ |
| vs. ) | **ORDER** |
| SRS Distribution Inc., ) | |
| Defendant. ) | |

On September 20, 2021, Plaintiff Dave Mazion Hill, Jr. ("Hill") filed a pro se complaint which includes allegations of discrimination based on race, age and disability, as well as retaliation, against Defendant SRS Distribution Inc ("SRS").  Hill seeks back pay, front pay, and damages for emotional distress.

Hill has also filed an Application to Proceed in District Court Without Prepaying of Fees or Costs (Doc. 2) and a Motion to Serve (Doc. 6).

I.   *Factual Allegations in Hill's Complaint*

Hill alleges he was a trainer/supervisor at SRS for 7 ½ years.  He further alleges SRS terminated his employment, used deception for the termination, and retaliated against him. He alleges the discriminatory acts took place from July 8, 2020, through October 27, 2020. On the Complaint form completed by Hill, he has selected the options that he was discriminated against based on race, age, and disability or perceived disability of a bulging disc.

Specifically, Hill alleges that, on August 4, 2020, and September 18, 2020, he

contacted Human Resources. The Complaint implies Hill complained of back issues and racial remarks made by Kolten Menchan ("Menchan").[1] Hill was informed that there would be no retaliation. On October 8, 2020, Ryan Miles ("Miles") and Brad from Human Resources had a conference over Hill's complaints.

Hill alleges that, shortly thereafter, he was informed of a "fake' training. Hill states he was sent to Tempe, Arizona on October 23, 2020, for training on an articulating boom loader, but an articulating boom crane was at the training. Hill asserts he has photographs to establish the deception. He alleges he is NCCCO certified and appears to be stating he is also certified with ABL and ABC; it is not clear from the Complaint, but Hill appears to be implying these certifications support his allegation that the training was fake. Hill alleges SRS asserts Hill did not have a hard hat or high "viz" and left the training early. Hill alleges SRS's assertions are pretextual.

Hill has attached a Notice of Suit from the EEOC. This document does not include what claims Hill presented to the EEOC.

II. *In Forma Pauperis* (Doc. 2)

The Court may allow a plaintiff to proceed without prepayment of fees when it is shown by affidavit that she "is unable to pay such fees[.]" 28 U.S.C. § 1915(a)(1). Hill's statement, made under penalty of perjury, establishes that Hill is unable to pay the filing fees. The Application to Proceed in Forma Pauperis will be granted.

III. *Screening Order*

This Court is required to dismiss a case if the Court determines that the allegation of poverty is untrue, 28 U.S.C. § 1915(e)(2)(A), or if the Court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §

---

[1]The spelling of Menchan's last name is not clear on the Complaint.

1   1915(e)(2)(B).

2       A. *General Requirements*

3       A complaint is to contain a "short and plain statement of the claim showing that the

4   pleader is entitled to relief[.]" Fed.R.Civ.P. 8(a). While Rule 8 does not demand detailed

5   factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-

6   me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the

7   elements of a cause of action, supported by mere conclusory statements, do not suffice."

8   *Id.*   However, especially where the pleader is pro se, the pleading should be liberally

9   construed in the interests of justice. *Johnson v. Reagan*, 524 F.2d 1123 (9th Cir. 1975).

10  Indeed, a "complaint [filed by a pro se plaintiff] 'must be held to less stringent standards

11  than formal pleadings drafted by lawyers.'" *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir.

12  2010), *quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

13      A complaint must set forth sufficient facts that serves to put defendants on notice as

14  to the nature and basis of the claim(s).  Furthermore, all allegations of a claim are to be set

15  forth in numbered paragraphs that should be limited to a single set of circumstances.

16  Fed.R.Civ.P. 10(a).  "Each claim . . . shall be stated in a separate count . . . whenever a

17  separation facilitates the clear presentation of the matters set forth." *Id.*  Failure to set forth

18  claims in such a manner places the onus on the court to decipher which, if any, facts support

19  which claims, as well as to determine whether a plaintiff is entitled to the relief sought.

20  *Haynes v. Anderson & Strudwick, Inc.*, 508 F.Supp. 1303 (D.C.Va. 1981).  Enforcement of

21  this rule is discretionary with the Court, but such enforcement is appropriate where it is

22  necessary to facilitate a clear presentation of the claims.  *See, Benoit v. Ocwen Financial*

23  *Corp., Inc.*, 960 F.Supp. 287 (S.D.Fla. 1997), affirmed 162 F.3d 1177 (compliance with rule

24  required where allegations were so confusing and conclusory, claims were commingled, and

25  impossible to determine nature of claims).

26      B. *Requirement that Action State a Claim on Which Relief Can be Granted*

27      The United States Supreme Court has determined that, in order to survive a motion

28

to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its facts." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While a complaint need not plead "detailed factual allegations," the factual allegations it does include "must be enough to raise a right to relief above the speculative level." *Id*. at 555. Indeed, Fed.R.Civ.P. 8(a)(2) requires a showing that a plaintiff is entitled to relief "rather than a blanket assertion" of entitlement to relief. *Id*. at 555 n. 3. The complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right to action." Id. at 555. Although a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) has not been filed in this case, the Court considers these standards in screening Hill's Complaint to determine if Hill has "nudged [his] claims across the line from conceivable to plausible." *Id*. at 570. The Court also considers that the Supreme Court has cited *Twombly* for the traditional proposition that "[s]pecific facts are not necessary [for a pleading that satisfies Rule 8(a)(2)]; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardue*, 551 U.S. 89 (2007).

In discussing *Twombly*, the Ninth Circuit has stated:

"A claim has facial plausibility," the Court explained, "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." 129 S.Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955).

In sum, for a complaint to survive a motion to dismiss, the non-conclusory "factual content," and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief. *Id*.

*Moss v. U.S. Secret Service*, 572 F.3d 962 (9th Cir. 2009).

This Court must take as true all allegations of material fact and construe them in the light most favorable to Hill. *See Cervantes v. United States*, 330 F.3d 1186, 1187 (9th Cir. 2003). In general, a complaint is construed favorably to the pleader. *See Scheuer v.*

- 4 -

1  *Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds*, 457 U.S. 800.  Nonetheless,

2  the Court does not accept as true unreasonable inferences or conclusory legal allegations

3  cast in the form of factual allegations.  *Western Mining Council v. Watt*, 643 F.2d 618, 624

4  (9th Cir. 1981).  Furthermore, the Court is not to serve as an advocate of a pro se litigant,

5  *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), in attempting to decipher a complaint.

6        If a court dismisses a complaint with leave to amend, the court is to provide reasons

7  for the dismissal so a plaintiff can make an intelligent decision whether to file an amended

8  complaint.  *See Bonanno v. Thomas*, 309 F.2d 320 (9th Cir. 1962); *Eldridge v. Block*, 832

9  F.2d 1132 (9th Cir. 1987).  Because the Court has found, *infra*, that dismissal of the claims

10  is appropriate, the Court has determined it is appropriate to provide Hill with an opportunity

11  to submit an amended complaint.  The Court, therefore, will discuss the reasons for the

12  dismissal of claims.

13

14  IV.  *Race Discrimination*

15        To state a *prima facie* case of racial discrimination under Title VII, a plaintiff must

16  allege:

17       (1) that the plaintiff belongs to a class of persons protected by Title VII; (2) that the
   plaintiff performed his or her job satisfactorily; (3) that the plaintiff suffered an

18  adverse employment action; and (4) that the plaintiff's employer treated the plaintiff
   differently than a similarly situated employee who does not belong to the same

19  protected class as the plaintiff.

20  *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006).  Other than

21  the fact Hill alleges racial discrimination, there is no indication in the Complaint regarding

22  Hill's race.  In other words, as it is not known if Hill is Caucasian, Black, Hispanic, or some

23  other race, the Complaint does not allege Hill is a member of a protected class of persons.

24  The Complaint's statement that Hill was a trainer/supervisor for 7 ½ years does lead to the

25  inference that Hill performed his job satisfactorily.  Further, the Complaint does allege Hill

26  was terminated, i.e., suffered an adverse action.  However, the Complaint fails to allege Hill

27  was treated differently from similarly situated persons.  In other words, there are no factual

28

1    allegations to support an inference Hill was terminated because of his race.

2            The Court considers that Hill may be attempting to state a claim for a hostile

3    environment.  To state a *prima facie* case of race discrimination based on a hostile work

4    environment, Hill must allege "(1) he was 'subjected to verbal or physical conduct' because

5    of his race, (2) 'the conduct was unwelcome,' and (3) 'the conduct was sufficiently severe

6    or pervasive to alter the conditions of [Hill's] employment and create an abusive work

7    environment.'" *Manatt v. Bank of Am., NA*, 339 F.3d 792, 798 (9th Cir.2003), *quoting Kang*

8    *v. U. Lim Am., Inc.*, 296 F.3d 810, 817 (9th Cir.2002).  However, "simple teasing, offhand

9    comments, and isolated incidents (unless extremely serious) will not amount to

10   discriminatory changes in the 'terms and conditions of employment." *Faragher v. Boca*

11   *Raton*, 524 U.S. 775, 786 (1998), *internal citation omitted*.  Hill alleges Menchan made a

12   racial remark.  However, the Complaint does not allege what the comment was, whether it

13   was an isolated comment or part of a pervasive atmosphere.

14           The Court finds Hill has failed to state a claim upon which relief can be granted as

15   to race discrimination.  The Court will dismiss this claim with leave to amend.

16

17   V.  *ADA Violations*

18           The Americans with Disabilities Act ("ADA") prohibits discrimination against "a

19   qualified individual on the basis of disability in regard to job application procedures, the

20   hiring, advancement, or discharge of employees, employee compensation, job training, and

21   other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). The ADA

22   defines a "qualified individual" as "an individual with a disability who, with or without

23   reasonable accommodation, can perform the essential functions of the employment position

24   that such individual holds or desires." 42 U.S.C. § 12111(8). Further, a disability, with

25   respect to an individual, means: (A) a physical or mental impairment that substantially limits

26   one or more of the major life activities of such individual; (B) a record of such an

27   impairment; or (C) being regarded as having such an impairment. 42 U.S.C. § 12102(1).

28

1      To allege a prima facie employment termination case under the ADA, a plaintiff must

2 state (1) he is disabled within the meaning of the ADA; (2) he is qualified to perform the

3 essential functions of his job either with or without reasonable accommodation, and; (3) he

4 was terminated or subjected to an adverse employment action because of his disability.

5 *Kenney v. Applause, Inc.*, 90 F.3d 1477, 1481 (9th Cir. 1996); *see also Allen v. Pac. Bell*,

6 348 F.3d 1113, 1114 (9th Cir. 2003).

7      Here, the section of the Complaint form that allows for selecting "failure to

8 accommodate my disability" has not been selected.  Further, the Complaint states Hill

9 suffers from a bulging disc; the Court will infer from this statement that Hill is alleging he

10 is disabled within the meaning of the ADA based on the bulging disc.  Moreover, from

11 Hill's position as a trainer/supervisor, it can be inferred that Hill was performing the

12 essential functions of his job.  However, other than stating that he complained about his

13 back issues, Hill does not allege any facts from which the Court can infer Hill was

14 terminated because of his disability.  The Court finds Hill has failed to state a claim for

15 disability discrimination and will dismiss this claim with leave to amend.

16

17 VI.  *Retaliation*

18      Title VII prohibits an employer from "discriminat[ing] against any of [its] employees

19 . . . because he has opposed any practice made an unlawful employment practice by this

20 subchapter, or because he has made a charge, testified, assisted, or participated in any

21 manner in an investigation, proceeding, or hearing under this subchapter.." 42 U.S.C. §

22 2000e–3(a).  Title VII retaliation claims "require the plaintiff to prove that the employer

23 acted with conscious intent to discriminate." *McDonnell Douglas*, 411 U.S. at 805–06; *see*

24 *also Yartzoff v. Thomas*, 809 F.2d 1371, 1375 (9th Cir.1987), *citing Ruggles v. Cal.*

25 *Polytechnic State Univ.*, 797 F.2d 782, 784 (9th Cir.1986)) (The *McDonnell Douglas*

26 framework and allocation of proof that governs disparate treatment claims also governs

27 retaliation claims.).  Additionally, the ADA prohibits employers from "'retaliating against

28

an employee who seeks accommodation in good faith.'" *Coons v. Sec'y of U.S. Dept. of Treasury*, 383 F.3d 879, 887 (9th Cir. 2004), *citing Heisler v. Metro. Council*, 339 F.3d 622 (8th Cir. 2003).  Specifically, Hill must allege (1) engagement in a protected activity; (2) an adverse employment action; and (3) a causal link between the two.  *Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000).

Here, Hill alleges he complained of back issues and a racially charged comment by a co-worker.  He also alleges he was then required to attend a "fake" training and was terminated thereafter.  Additionally, the Court finds an inference is raised from the temporal proximity of Hill's complaints to the "fake" training and subsequent termination.  *See e.g., Porter v. California Dep't of Corr.*, 419 F.3d 885, 895 (9th Cir. 2005).  The Court finds Hill has stated a claim of retaliation under Title VII and the ADA.

However, the EEOC Notice provided to the Court does not inform the Court whether Hill raised this claim with the EEOC.  Discrimination claims are limited by the charge filed with the EEOC.  *Freeman v. Oakland Unified Sch. Dist.*, 291 F.3d 632, 636-38 (9th Cir. 2002). "Incidents of discrimination not included in an EEOC charge may not be considered by a federal court unless the new claims are like or reasonably related to the allegations contained in the EEOC charge." *Green v. L.A. Cty. Superintendent*, 883 F.2d 1472, 1475-76 (9th Cir. 1989), *citation omitted*.  The Court, therefore, will dismiss this claim with leave to amend.[2]

VII.  *Age Discrimination*

Hill's Complaint has the box referencing age discrimination marked.  However, the Complaint does not include any factual allegations, including Hill's age, to support such a claim.  To state a claim for age discrimination, Hill must allege (1) he was 40 to 70 years old; (2) he was performing his job in a satisfactory manner; (3) he was discharged; and (4) he was replaced by a sufficiently younger employee with equal or inferior qualifications.

---

[2]Hill is advised this requirement applies to his other claims as well.

*Moran v. Selig*, 447 F.3d 748, 753 (9th Cir. 2006); *Rose v. Wells Fargo & Co.*, 902 F.2d 1417, 1421 (9th Cir. 1990).  The Court finds Hill has failed to state a claim upon which relief can be granted for age discrimination and will dismiss this claim with leave to amend.

## VIII.  *Emotional Distress Damages*

Hill's Complaint seek emotional distress damages.  Hill is advised that emotional distress damages are not available under Title VII or the ADEA.  *Williams v. U.S. Gen. Servs. Admin.*, 905 F.2d 308, 311 (9th Cir. 1990); *Cancellier v. Federated Dep't Stores*, 672 F.2d 1312, 1318 (9th Cir. 1982).  Additionally, the Supreme Court recently held that damages for emotional distress are not recoverable under the Rehabilitation Act; it is therefore unlikely such damages are available under the ADA.  *Cummings v. Premier Rehab Keller, P.L.L.C.*, 142 S. Ct. 1562, 1576 (2022).

## IX.  *Motion to Serve*

Hill requests the U.S. Marshal be directed to complete service upon SRS.  As the Court has determined dismissal of the claims is appropriate, there is no pending action for which service is needed at this time.  The Court will deny this request.

## X.  *Amended Complaint*

The Court has found that Hill has not set forth any viable claims.  As such, Hill may choose to submit an Amended Complaint.  Any such Amended Complaint will be subject to screening by the Court.

Hill is advised that all causes of action alleged in the original complaint which are not alleged in any amended complaint will be waived.  *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990) ("an amended pleading supersedes the original"); King v. Atiyeh, 814 F.2d 565 (9th Cir. 1987).  Any amended complaint filed by Hill must be retyped or rewritten in its entirety and may not incorporate any part of the

original complaint by reference.  Any amended complaint submitted by Hill shall be clearly designated as an amended complaint on the face of the document.

Hill should take notice that if he fails to timely comply with every provision of this Order, this action will be dismissed pursuant to Rule 41(b), Fed.R.Civ.P.  *See Ferdik v. Bonzelet*, 963 F.2d 1258 (9th Cir. 1992) (District Court may dismiss action for failure to comply with any order of the Court), cert. denied, 506 U.S. 915 (1992).

XI.  *Notice to Hill*

Hill is advised that Step Up to Justice offers a free, advice-only clinic for self-represented civil litigants on Thursdays from 1:30 p.m. to 3:30 p.m.  *See* https://www.azd.uscourts.gov/federal-court-advice-only-clinic-tucson.  If Hill wishes to schedule a telephonic appointment, he should contact the courthouse librarian, Mary Ann O'Neil, at MaryAnn_O'Neil@LB9.uscourts.gov.

Accordingly, IT IS THEREFORE ORDERED:

1.      Hill's Application to Proceed In Forma Pauperis (Doc. 2) is GRANTED;

2.      The Complaint and Hill's claims for race, age, and disability discrimination, as well as the retaliation claim, are DISMISSED WITH LEAVE TO AMEND.

3.      Hill SHALL HAVE thirty (30) days from the date of filing of this Order to file an amended complaint.  All causes of action alleged in the original complaint which are not alleged in any amended complaint will be waived.  Any amended complaint filed by Hill must be retyped or rewritten in its entirety and may not incorporate any part of the original complaint by reference.  Any amended complaint submitted by Hill shall be clearly designated as an amended complaint on the face of the document;

4.      A clear, legible copy of every pleading or other document filed SHALL ACCOMPANY each original pleading or other document filed with the Clerk for use by the District Judge to whom the case is assigned.  See L.R.Civ. 5.4.  Failure to submit a copy

along with the original pleading or document will result in the pleading or document being stricken without further notice to Smith.

     5.    The Clerk of Court shall mail a Complaint for Employment Discrimination to Hill.

     6.    The Motion to Serve (Doc. 6) is DENIED.

     7.    At all times during the pendency of this action, Hill shall immediately advise the Court of any change of address and its effective date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS".  The notice shall contain only information pertaining to the change of address and its effective date.  The notice shall not include any motions for any other relief.  Hill shall serve a copy of the Notice of Change of Address on all served opposing parties.  Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

     DATED this 3rd day of August, 2022.


_____
Cindy K. Jorgenson
United States District Judge

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

_____ Division

|  |  |
|---|---|
| _____ | Case No. _____ |
| Plaintiff(s) | *(to be filled in by the Clerk's Office)* |
| *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | Jury Trial: *(check one)*   ☐ Yes   ☐ No |
| **-v-** | |
| _____ | |
| Defendant(s) | |
| *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

I.    **The Parties to This Complaint**

A.    **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

Name                        _____

Street Address              _____

City and County             _____

State and Zip Code          _____

Telephone Number            _____

E-mail Address              _____

B.    **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title *(if known)*.  Attach additional pages if needed.

Defendant No. 1

    Name                             _____

    Job or Title *(if known)*    _____

    Street Address             _____

    City and County          _____

    State and Zip Code       _____

    Telephone Number        _____

    E-mail Address *(if known)*   _____

Defendant No. 2

    Name                             _____

    Job or Title *(if known)*    _____

    Street Address             _____

    City and County          _____

    State and Zip Code       _____

    Telephone Number        _____

    E-mail Address *(if known)*   _____

Defendant No. 3

    Name                             _____

    Job or Title *(if known)*    _____

    Street Address             _____

    City and County          _____

    State and Zip Code       _____

    Telephone Number        _____

    E-mail Address *(if known)*   _____

Defendant No. 4

    Name                             _____

    Job or Title *(if known)*    _____

    Street Address             _____

    City and County          _____

    State and Zip Code       _____

    Telephone Number        _____

    E-mail Address *(if known)*   _____

    **C.**    **Place of Employment**

        The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |

**II.**    **Basis for Jurisdiction**

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

❏    Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

    *(Note:  In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

❏    Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

    *(Note:  In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

❏    Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

    *(Note:  In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

❏    Other federal law *(specify the federal law)*:

❏    Relevant state law *(specify, if known)*:

❏    Relevant city or county law *(specify, if known)*:

## III.    Statement of Claim

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought.  State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.    The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

❐    Failure to hire me.

❐    Termination of my employment.

❐    Failure to promote me.

❐    Failure to accommodate my disability.

❐    Unequal terms and conditions of my employment.

❐    Retaliation.

❐    Other acts *(specify)*: _____

*(Note:  Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.    It is my best recollection that the alleged discriminatory acts occurred on date(s)

_____

C.    I believe that defendant(s) *(check one)*:

❐    is/are still committing these acts against me.

❐    is/are not still committing these acts against me.

D.    Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

❐    race    _____

❐    color    _____

❐    gender/sex    _____

❐    religion    _____

❐    national origin    _____

❐    age *(year of birth)*    _____    *(only when asserting a claim of age discrimination.)*

❐    disability or perceived disability *(specify disability)*

_____

E.    The facts of my case are as follows.  Attach additional pages if needed.

*(Note:  As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV.   Exhaustion of Federal Administrative Remedies

A.   It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

B.   The Equal Employment Opportunity Commission *(check one)*:

❐   has not issued a Notice of Right to Sue letter.

❐   issued a Notice of Right to Sue letter, which I received on *(date)* _____ .

*(Note:  Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.   Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

❐   60 days or more have elapsed.

❐   less than 60 days have elapsed.

## V.   Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.       For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:  _____

Signature of Plaintiff  _____

Printed Name of Plaintiff  _____

### B.       For Attorneys

Date of signing:  _____

Signature of Attorney  _____
Printed Name of Attorney  _____
Bar Number  _____
Name of Law Firm  _____
Street Address  _____
State and Zip Code  _____
Telephone Number  _____
E-mail Address  _____